**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **Carlos Joel Ramos Par** | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | **CIVIL ACTION** |
| **JAMISON, J.L. Warden, Federal Detention** | : | |
| **Center, Philadelphia, *et al.*** | : | |
| | : | **No. 26-3504** |
| Respondents. | : | |

**MEMORANDUM**

**Perez, J.**                                                                 **June 4, 2026**

Petitioner Carlos Joel Ramos Par filed this habeas petition under 28 U.S.C. § 2241 after Immigration and Customs Enforcement ("ICE") arrested and detained him on May 21, 2026. ECF No. 1. His petition initially appeared to challenge detention under provisions governing noncitizens awaiting removal proceedings. Respondents' opposition, however, establishes that Petitioner was previously removed from the United States in 2014 and that ICE reinstated that prior removal order after his May 2026 arrest. ECF No. 9 at 1–2; ECF Nos. 9-1, 9-4. Petitioner does not challenge the validity of the 2014 removal order, does not dispute that the order has been reinstated, and does not claim fear of returning to Guatemala. ECF No. 12 at 2–4.

Those facts materially alter the legal posture of this case: Petitioner is subject to a reinstated final order of removal, so his detention is governed by 8 U.S.C. § 1231, not the provisions that apply while removal proceedings remain pending. The Court does not minimize the liberty interest at stake for Petitioner, but under *Zadvydas v. Davis*, 533 U.S. 678 (2001), the relevant question is whether detention has become prolonged beyond the period reasonably necessary to effectuate removal. Petitioner remains within the 90-day statutory removal period and has not shown that removal to Guatemala is unlikely in the reasonably foreseeable future. Petitioner's remaining

1

challenge to the initial warrantless arrest raises a serious statutory issue under 8 U.S.C. § 1357(a)(2), but it does not entitle him to immediate release from present custody supported by a reinstated removal order he does not contest. The petition will therefore be denied.

I.    FACTUAL AND PROCEDURAL BACKGROUND

Petitioner Carlos Joel Ramos Par is a native and citizen of Guatemala. In April 2014, he attempted to enter the United States without authorization, was placed in expedited removal proceedings, and was removed from the United States that same month. ECF No. 9 at 2; ECF No. 9-1. At some point after that removal, Petitioner reentered the United States without authorization. ECF No. 9 at 2.

ICE arrested Petitioner on May 21, 2026. ECF No. 9 at 2. ICE records reflect that, after his apprehension, the agency reinstated Petitioner's 2014 expedited removal order. ECF No. 9-4. Petitioner did not contest reinstatement and did not claim fear of returning to Guatemala. ECF No. 9 at 2; ECF No. 9-2. He remains detained at the Federal Detention Center in Philadelphia. ECF No. 9 at 2.

Petitioner filed this habeas petition the day after his arrest, seeking immediate release from immigration detention. ECF No. 1. The Court promptly ordered an expedited response and directed Petitioner's counsel to serve Respondents by email. ECF No. 4. After Respondents sought a short extension, and Petitioner did not oppose it, the Court set an expedited response deadline. ECF Nos. 5–8. Respondents' opposition clarified the statutory posture of the case. Unlike other recent immigration habeas petitions challenging detention under 8 U.S.C. §§ 1225 or 1226, Respondents argued that Petitioner is detained under 8 U.S.C. § 1231 because he is subject to a reinstated final order of removal. ECF No. 9 at 1–5. Respondents emphasized that Petitioner had been detained only since May 21, 2026, remained within the statutory removal period, and was far from the six-

2

month benchmark discussed in *Zadvydas v. Davis*, 533 U.S. 678 (2001). *Id.* at 1, 5. Respondents also represented that Petitioner did not claim fear of returning to Guatemala and that no further proceedings are available to prevent his removal. *Id.* at 1–2.

The petition did not address the implications of a reinstated prior removal order, so the Court ordered Petitioner to file a targeted reply addressing, among other issues, whether he is detained pursuant to § 1231(a)(5), whether the prior removal order was reinstated, whether he challenges his detention or the reinstated order itself, whether any statutory or jurisdictional limitation bars review, whether he has any pending asylum or related proceedings, and what relief he seeks. *Id.* Petitioner's reply narrowed the dispute. Counsel acknowledged that the prior removal order was unknown to him when the petition was filed, but Petitioner offered no reason to doubt Respondents' representation that he was subject to a 2014 expedited removal order and that ICE reinstated that order after his May 21, 2026 arrest. ECF No. 12 at 1–2. Petitioner also clarified that he does not challenge the validity of the prior removal order or the reinstatement decision. *Id.* at 3. Instead, he challenges the legality of his detention under the Immigration and Nationality Act ("INA") and the Due Process Clause. *Id.*

That challenge focuses on the initial arrest. Petitioner contends that, when ICE took him into custody, it had not yet reinstated the 2014 removal order or issued a warrant of removal. *Id.* at 2. On that premise, Petitioner argues that his warrantless interior arrest could only have been authorized by 8 U.S.C. § 1357(a)(2), which permits warrantless arrest only where an immigration officer has reason to believe the person is in the United States in violation of law and is likely to escape before a warrant can be obtained. *Id.* at 2–3. According to Petitioner, ICE's records show only that officers believed he was present in violation of the INA; they do not show that officers made the separate determination that he was likely to escape before a warrant could be obtained.

3

*Id.* at 3.

Petitioner does not identify any pending application for asylum, withholding of removal, protection under the Convention Against Torture, or other relief that would prevent his removal to Guatemala. *Id.* at 4. He seeks immediate release, arguing that Respondents violated § 1357(a)(2) and procedural due process by detaining him without advance written notice of the basis for detention or a finding that he was likely to flee before notice or a warrant could be obtained. *Id.*

## I.    LEGAL STANDARD

Federal courts may grant habeas relief to a person "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Federal habeas jurisdiction extends to noncitizens challenging the legality of immigration detention. *Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001); *Demore v. Kim*, 538 U.S. 510, 516–17 (2003). The petitioner bears the burden of showing that his custody violates federal law. *See* 28 U.S.C. § 2241(c)(3).

## II.    DISCUSSION

### A. Petitioner's Detention Is Governed by 8 U.S.C. § 1231.

The first question is what statutory provision governs Petitioner's present detention. Respondents argue that detention is governed by § 1231 because Petitioner is subject to a reinstated removal order. ECF No. 9 at 1–5. Petitioner does not dispute the existence of the 2014 expedited removal order or that it was reinstated after his May 21 arrest, nor does he challenge the order's validity or reinstatement. ECF No. 12 at 2–3.

Section 1231 governs detention after a noncitizen has been ordered removed. 8 U.S.C. § 1231(a). When a noncitizen illegally reenters the United States after having been removed, the prior removal order may be reinstated. 8 U.S.C. § 1231(a)(5). The prior order "is reinstated from its original date and is not subject to being reopened or reviewed." *Id.* The noncitizen "is not

eligible and may not apply for any relief under this chapter" and "shall be removed under the prior order at any time after the reentry." 8 U.S.C. § 1231(a)(5).

The Supreme Court has held that detention of noncitizens subject to reinstated removal orders is governed by § 1231, not § 1226. *Johnson v. Guzman Chavez*, 594 U.S. 523, 526 (2021). Section 1231 therefore supplies the relevant detention framework here. That conclusion follows from the undisputed facts that Petitioner has a prior removal order, that the order has been reinstated, and that Petitioner does not challenge the reinstatement.

Petitioner attempts to resist this conclusion by arguing that his detention did not begin "pursuant to" § 1231 because, at the moment of arrest, the prior removal order had not yet been reinstated and no warrant of removal had issued. ECF No. 12 at 2. That argument may bear on the legality of the initial arrest, which the Court addresses below. It does not change the statute governing Petitioner's present custody. Petitioner is now subject to a reinstated removal order. His current detention is therefore governed by § 1231.

## B. Petitioner's Detention Is Lawful Under *Zadvydas*.

Section 1231 requires the Government to remove a noncitizen within a 90-day "removal period." 8 U.S.C. § 1231(a)(1)(A). During that removal period, detention is mandatory. 8 U.S.C. § 1231(a)(2) ("During the removal period, the Attorney General shall detain the alien."). After the removal period expires, the Government may continue to detain certain noncitizens, including those determined to be a risk to the community or unlikely to comply with the order of removal. 8 U.S.C. § 1231(a)(6).

*Zadvydas* construed § 1231(a)(6) to avoid serious constitutional concerns that would arise from indefinite detention. 533 U.S. at 689. The Court held that post-removal-period detention is limited to a period reasonably necessary to secure removal. *Id*. at 689, 699. The Court recognized

six months as a presumptively reasonable period of detention. *Id.* at 701. After that period, a noncitizen may obtain habeas relief by providing "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," at which point the Government must respond with evidence sufficient to rebut that showing. *Id.*

Petitioner cannot satisfy *Zadvydas*. He was arrested and detained on May 21, 2026. ECF No. 9 at 2. He remains within the 90-day removal period, during which detention is mandatory under § 1231(a)(2). He is also far within the six-month period recognized in *Zadvydas* as presumptively reasonable. Petitioner does not contend that removal to Guatemala is unlikely in the reasonably foreseeable future. To the contrary, Petitioner states that he has no pending applications for asylum or other grounds for protection or relief from removal. ECF No. 12 at 4. Respondents likewise state that Petitioner did not claim fear of returning to Guatemala and that the Government intends to remove him. ECF No. 9 at 1–2, 5.

On this record, Petitioner has not shown that his present detention under § 1231 is indefinite, prolonged, or otherwise unlawful under Zadvydas. His detention is recent, statutorily authorized, and connected to a reinstated final removal order that he does not challenge. Habeas relief is therefore unavailable on the theory that his current detention violates due process or exceeds the Government's detention authority under § 1231.

### C. Petitioner's Challenge to His Initial Warrantless Arrest Does Not Warrant Habeas Release from Present § 1231 Custody.

Petitioner's remaining argument concerns how his detention began. He contends that ICE arrested him in the interior of the United States without a warrant and without satisfying 8 U.S.C. § 1357(a)(2), which requires reason to believe not only that the person is present in violation of immigration law, but also that he "is likely to escape before a warrant can be obtained." ECF No. 12 at 2–4; 8 U.S.C. § 1357(a)(2).

Section 1357(a)(2) authorizes warrantless immigration arrests in limited circumstances. An officer must have reason to believe both that the person is present in violation of immigration law and that the person "is likely to escape before a warrant can be obtained." 8 U.S.C. § 1357(a)(2). Section 1357(a)(2) is not a formality, and it does not permit warrantless immigration arrests based on removability alone. Petitioner argues that ICE's records address only his unlawful presence, not any individualized risk that he would escape before officers could obtain a warrant. ECF No. 12 at 3.

Even accepting that premise, Petitioner has not shown entitlement to habeas relief. The issue before the Court is not whether ICE's paperwork could have been more complete at the moment of arrest. The issue is whether Petitioner is presently "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). He has not made that showing. Petitioner asks the Court to convert an alleged arrest defect into grounds for immediate release from custody that now rests on an independent and undisputed legal basis. He cites no authority requiring that result in these circumstances. He does not challenge the 2014 removal order. He does not challenge its reinstatement. He does not identify any pending proceeding that would prevent removal. Finally, as explained above, he has not shown that his current detention is prolonged, indefinite, or otherwise unlawful under § 1231 and *Zadvydas*.

The Court therefore declines to order release based on § 1357(a)(2). That holding is narrow but dispositive. Section 1357(a)(2) remains enforceable, and ICE must comply with its limits. However, on this record, Petitioner has not shown that an alleged defect in the manner of arrest requires release from otherwise lawful present custody.

**D. The Denial Is Without Prejudice to a Future Prolonged-Detention Challenge.**

Petitioner has been detained for only a short period. Nothing in the present record suggests

that removal to Guatemala is not reasonably foreseeable. If circumstances materially change, including if removal does not occur within a constitutionally reasonable period or if Petitioner later develops a basis to argue that there is no significant likelihood of removal in the reasonably foreseeable future, he may seek appropriate relief in a future habeas petition. The Court denies the present petition without prejudice to such a future prolonged-detention challenge.

## III.    CONCLUSION

Petitioner is subject to a reinstated final order of removal and is detained under 8 U.S.C. § 1231. His detention began on May 21, 2026, remains within the statutory removal period, and is well within the presumptively reasonable period recognized in *Zadvydas*. Petitioner does not challenge the prior removal order or its reinstatement, does not claim fear of returning to Guatemala, and identifies no pending proceedings that would make removal unlikely in the reasonably foreseeable future. For these reasons, the petition for writ of habeas corpus will be denied. The denial is without prejudice to any future habeas petition challenging prolonged detention under § 1231 if circumstances materially change.